UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIO DIEQUEZ FRIAS,

    Petitioner,

v.                                                                                                          CASE NO. 6:13-cv-1239-Orl-36DAB

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondent.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. §§ 2241 (Doc. No. 1). Rule 4[1] of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, 2011 WL 672335, *1 (M.D. Ga. 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 U.S. Dist. LEXIS 137438 at *1-2, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

Upon review of the petition, the Court concludes that it must be dismissed based on lack of jurisdiction.

## I. Procedural History

Petitioner alleges that he is a native and citizen of Cuba who is currently detained at the Brevard County Jail pending the disposition of state criminal charges. (Doc. No. 1 at 9.) Petitioner contends that after his arrest, the United States Immigration and Customs Enforcement ("ICE") filed a detainer against him "for his future apprehension and detention pending a deportation. . . ." *Id.* Petitioner notes that he was ordered deported in 1987, and after being held in federal prison for twelve years, the Ninth Circuit Court of Appeals ordered him to be released. *Id*. at 10-11. Petitioner asserts that he cannot be deported because of the absence of a treaty between the United States and Cuba and that his future detention at an immigration detention center will violate his constitutional rights. *Id*. at 12. Petitioner requests the Court to order Respondent to demonstrate that he would be immediately deported in accordance with the law or to otherwise cancel all immigration detainers against him. *Id*. at 12.

## II. Legal Discussion

Upon review of the petition, the Court concludes that it lacks jurisdiction to hear the petition. "A petitioner can use a § 2241 petition to challenge custody alleged to be in violation of the Constitution or laws of the United States." *Louis v. Sec'y, Fl. Dep't of Corr.,* No. 12-14418, 2013 WL 3939937, *1 (11th Cir. July 31, 2013) (citing 28 U.S.C. § 2241(c)(3)). "'[T]he filing of [a] detainer, standing alone, [does] not cause [the petitioner] to come

within the custody of [immigration officials].'" *Gonzales-Corrales v. I.C.E.*, No. 12-16509, 2013 WL 3154942, *3 (11th Cir. June 21, 2013) (quoting *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990)). "[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." *Id.* (quoting *Orozco*, 911 F.2d at 541).

Petitioner alleges that ICE has lodged a detainer against him. Nevertheless, Petitioner does not allege that removal proceedings have commenced or that he has been taken into ICE custody. Instead, Petitioner is in the custody of the Brevard County Jail pending state criminal charges. Because Petitioner is not in ICE custody, this Court lacks subject-matter jurisdiction to consider the § 2241 petition against ICE. *See, e.g., Gonzales-Corrales*, 2013 WL 3154942, *3 (affirming district court's dismissal of § 2241 petition based on lack of jurisdiction).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Elio Diequez Frias is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. The Clerk of Court shall terminate any motions pending in this case.

**DONE AND ORDERED** at Orlando, Florida, this 27th day of August, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 8/27
Elio Diequez Frias